IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| ANDREW RACKERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: ) ) **JURY TRIAL DEMANDED** |
| PENSKE LOGISTICS, L.L.C., | ) ) |
| Defendant. | ) ) |

# COMPLAINT

## PARTIES & JURISDICTION

COMES NOW Plaintiff Andrew Rackers, by and through his attorneys, and for his Complaint against Defendant Penske Logistics, L.L.C, states as follows:

1. This is an action for monetary damages, injunctive relief and actual and liquidated and/or punitive damages, brought pursuant to the Missouri Human Rights Act, 213.010.1 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621-623.

2. Plaintiff, Andrew Rackers (hereinafter "Plaintiff" or "Rackers"), is an individual residing in the St. Louis County in the State of Missouri.

3. Defendant Penske Logistics ("Penske" or "Defendant") is a Delaware corporation, doing business in the State of Missouri in St. Louis County and is an employer within the definition of the Missouri Human Rights Act and the ADEA.

4. Plaintiff requests a jury trial of all claims.

5. This Court has subject matter jurisdiction of the ADEA claims plead herein under 28 U.S.C. § 1331 and 1343 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Missouri state law claims.

6. Venue is proper in the Eastern District of Missouri because Defendant does business herein, and all of the events complained of herein occurred in St. Louis County, Missouri, which is located in the Eastern District of Missouri.

7. Plaintiff filed a Charge of Discrimination, which was dual filed with the EEOC and with the Missouri Commission on Human Rights within 180 days of his termination. Plaintiff received a Notice of Right to Sue Letter on from the Missouri Commission on Human Rights and the EEOC and has timely filed this action within 90 days of receipt of both Notice of Right to Sue Letters.  (See the attached Exhibit 1 and 2).

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was employed by the Defendant from April of 2017 until the time of his illegal termination on or around October 8, 2019.  At the time of his termination, Plaintiff was 56 years old.

9. Plaintiff had worked for a predecessor company for four years prior to becoming employed by Defendant through a buyout.

10. In early 2019, Plaintiff began fulfilling the role of Operations Manager (after the former was terminated).  Plaintiff became the acting Operations Manager without the change in title or increase in salary.

11. In March of 2019, after and while Plaintiff was fulfilling the duties and obligations of the Operations Manager, Plaintiff received an "exceeds expectations" on his performance review.

12. Plaintiff also received the highest merit increase given to any employee as a result of his "exceeds expectations" on his performance review.

13. In April of 2019, Defendant hired a new Assistant General Manager, Andrew Richmond, who was in his early-30's, at least twenty (20) years younger than Plaintiff.

14. Beginning as early as February of 2019, Plaintiff began applying for the role of Operations Manager, which would have been a promotion and a significant increase in salary.

15. Plaintiff applied for, and was denied, this promotion at least four times.

16. Each time Plaintiff applied for this the promotion to the position of Operations Manager, a younger, less qualified person was hired for the position instead of Plaintiff.

17. Further, Andrew Richmond made comments on multiple occasions that he wanted to "change the culture" at Penske, and continued to hire younger and less qualified employees.

18. Another employee at Penske told Plaintiff that Richmond was targeting Plaintiff's job.

19. In late April, Plaintiff went to Human Resources and made a complaint that he was being targeted by Andrew Richmond. In response, Plaintiff was told to speak directly to Richmond.

20. In retaliation, Plaintiff was written up by Richmond for "chewing gum." This was the first disciplinary action Plaintiff had received at Penske during his employment.

21. In further retaliation, in May of 2019, without warning or any prior disciplinary action, Plaintiff was placed on a performance improvement plan ("PIP"), which Plaintiff successfully completed. Plaintiff was placed on the PIP after complaining about Richmond, and in a further attempt to disqualify Plaintiff from being promoted as he continued to apply for the promotion.

22. In September of 2019, Plaintiff was called into a meeting with Michael Indelicato, the General Manager at Penske, and stated to Plaintiff that Plaintiff would not be promoted to the position of Operations Manager because:

(a) Plaintiff had been on a PIP;

(b) Stated to Plaintiff: "You don't want the job at your age."

(c) And that Plaintiff did not "need the stress of the job at this point in your life."

23. In October of 2019, Plaintiff was terminated for the stated reason that Plaintiff had not "verified" another employee's timecard. Another supervisor, who was in her 30's, had followed the same steps as did Plaintiff in entering time for this employee.

24. The stated reason for Plaintiff's termination was pretextual, to cover up illegal age discrimination and retaliation.

## COUNT I – Age Discrimination in Violation of the MHRA

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count I of his Complaint, states as follows:

25. Plaintiff incorporates the preceding paragraphs of this Complaint into Count I of this Complaint as if fully set forth herein.

26. Plaintiff brings this action pursuant to Missouri Human Rights Act to recover lost wages, compensation, benefits, punitive damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's discrimination against Plaintiff because of his age, then 56, which placed him in the protected age class at the time of his discharge in 2019 and at the time Plaintiff was not promoted on multiple occasions in 2019 for a job for which he was the most qualified applicant.

27. Plaintiff's termination was because of his age.

28. The failure to promote Plaintiff on at least 4 occasions was due to his age. The persons promoted over Plaintiff were younger and less qualified.

29. As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary, as well as garden variety emotional damages.

30. As a direct and proximate result of Defendant's failure to promote Plaintiff to the position of Operations Manager because of his age, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary, as well as garden variety emotional damages.

31. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendant, in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT II –Retaliation in Violation of the MHRA**

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count II of his Complaint, states as follows:

32. Plaintiff incorporates the preceding paragraphs of this Complaint into Count II of this Complaint as if fully set forth herein.

33. Plaintiff brings this action pursuant to Missouri Human Rights Act to recover lost wages, compensation, benefits, punitive damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's retaliation against Plaintiff because his complaints about age discrimination.

34. Plaintiff's termination was, in part, a result of retaliation because of his complaints about his supervisor.

35. Plaintiff specifically complained about targeting by Richmond in an email, and copied Indelicato and the Director of Human Resources, Baronise Domino.  In response to this complaint, Richmond told Plaintiff to "never go over his head again."

36. As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary, as well as garden variety emotional damages.

37. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

    A.    Order Defendant to make Plaintiff whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

    B.  Award Plaintiff punitive damages against the Defendant, in such sum as this court believes is fair and reasonable;

    C.  Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

    D.  Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT III – Age Discrimination in Violation of the ADEA

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count III of his Complaint, states as follows:

38.    Plaintiff incorporates the preceding paragraphs of this Complaint into Count III of this Complaint as if fully set forth herein.

39.    Plaintiff brings this action pursuant to ADEA to recover lost wages, compensation, benefits, liquidated damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's discrimination against Plaintiff because of his age, then 56, which placed him in the protected age class at the time of his discharge in 2019 and at the time Plaintiff was not promoted on multiple occasions in 2019 for a job for which he was the most qualified applicant.

40.    Plaintiff's termination was because of his age.

41.    The failure to promote Plaintiff on at least 4 occasions was due to his age.  The persons promoted over Plaintiff were younger and less qualified.

7

42.     As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

43.     As a direct and proximate result of Defendant's failure to promote Plaintiff to the position of Operations Manager because of his age, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

44.     The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of liquidated damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

   A. Order Defendant to make Plaintiff whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

   B. Award Plaintiff liquidated damages against the Defendant, in such sum as this court believes is fair and reasonable;

   C. Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and;

   D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV – Retaliation in Violation of the ADEA

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count IV of his Complaint, states as follows:

45. Plaintiff incorporates the preceding paragraphs of this Complaint into Count IV of this Complaint as if fully set forth herein.

46. Plaintiff brings this action pursuant to ADEA to recover lost wages, compensation, benefits, punitive damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's retaliation against Plaintiff because his complaints about age discrimination.

47. Plaintiff's termination was, in part, a result of retaliation because of his complaints about his supervisor.

48. Plaintiff specifically complained about targeting by Richmond in an email, and copied Indelicato and the Director of Human Resources, Baronise Domino.  In response to this complaint, Richmond told Plaintiff to "never go over his head again."

49. As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary, as well as garden variety emotional damages.

50. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendant, in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By: /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
brandy@newtonbarth.com
Attorneys for Plaintiff